FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

JAN 21 2009

JAMES N. HATTEN, Clerk
By:  Deputy Clerk

| | | |
|---|---|---|
| **MICHAEL BRADFORD,** | : | **COMPLAINT** |
| **Plaintiff Pro Se,** | : | (Copyright Infringement) |
| | | |
| **Vs.** | : | **CIVIL ACTION** |
| | | |
| **DWAYNE CARTER, p/k/a "LIL** | : | **NO. 1 09-CV-0156** |
| **WAYNE"; BOBBY M. WILSON,** | : | |
| **p/k/A BOBBY VALENTINO;** | : | |
| **DARIUS J. HARRISON, p/k/a** | : | |
| **DEEZEL; CURTIS STEWART,** | : | |
| **p/k/a KIDD KIDD; CASH MONEY** | : | **-JEC** |
| **RECORDS; UNIVERSAL MUSIC** | : | |
| **GROUP/ MOTOWN RECORDS,** | : | |
| **INC.; WARNER-TAMERLANE** | : | |
| **PUBLISHING CORP. a/c** | : | |
| **YOUNG MONEY PUBLISHING** | : | **JURY TRIAL DEMAND** |
| **INC.; UNIVERSAL MUSIC** | : | |
| **PUBLISHING GROUP—ALMO** | : | |
| **MUSIC CORP a/c** | : | |
| **TIGHTWERK MUSIC;** | : | |
| **THE ROYALTY NETWORK INC.** | : | |
| **a/c THREE NAILS AND A CROWN;** | | |
| **ROYNET MUSIC; ULTRA TUNES** | : | |
| **a/c REALLIONAIRE MUSIC;** | : | |
| **BMI INC.; ASCAP; ET AL.,** | : | |
| **Defendants.** | : | |

# CIVIL COMPLAINT PURSUANT TO TITLE
## 17 OF UNITED STATES CODE SECTION 501(b)

1)    This is a civil action pursuant to Title 17 U.S.C. Section 501(b), filed

by Michael A. Bradford, an Artist, Song Writer, /Music Producer; alleging

Copyright Infringement by the above named defendants. The plaintiff seeks

Injunctive Relief; Attorney Fees and costs; a Restraining Order; Punitive

damages; and is also requesting a trial by jury.

## JURISDICTION

2)    This is a civil action seeking damages and injunctive relief for

copyright infringement under the copyright laws of the United States, (Title

17 U.S.C. Section 501(b)). This Court has jurisdiction to hear this case

pursuant to Title 28 U.S.C. Sections 1331, (Federal Question); and title 28

U.S.C. Section 1338 (COPYRIGHT)

## VENUE

3)    This Court has venue to hear this case pursuant to Title 21 U.S.C.

1391(b) and/or Title 28 U.S.C. Section 1400(a). The matters complained of

herein, were committed by the defendants in the Northern District of

Georgia; and the plaintiff resides in the Northern District of Georgia. The

plaintiff also asks of this Honorable Court to invoke *Diversity of Citizenship*, whereas the defendants reside in different states throughout the United States of America, aside from the Northern District of Georgia as well.

## THE PARTIES

4)    The plaintiff **Michael A. Bradford,** is an Artist/Song Writer/Music Producer; who resides at 710 Peachtree Road, Apt. 805, Atlanta Georgia 30308. The plaintiff is bringing this action after learning that his personally created composition/song *"Popeye" / "Crush"* has been unlawfully infringed upon by the defendants of this action, clearly in violation of the Copyright Infringement Laws of the United States of America.

5)    The defendant Dwayne Carter, p/k/a Lil' Wayne, is an artist/songwriter/performer, who  infringed upon the plaintiffs' copyrighted work in concert with other defendants named herein, by altering the plaintiff copyrighted work and unlawfully making the Recording available for distribution without the ***plaintiff's*** knowledge or consent. The residency of Mr. Carter is unknown at this time.  However, his attorney is Mr. Ronald E. Sweeney, whose address is 31532 Victoria Point Road, in Malibu, California.

6)      The defendant Bobby Valentino infringed upon the plaintiffs' copyrighted work in concert with other defendants named herein. The residency and location of Mr. Valentino is unknown at this time.

7)      The defendant p/k/a "Deezel" infringed upon the plaintiffs' copyrighted work in concert with other defendants named herein. The location and residency of Mr. Valentino is unknown at this time. However, his attorney is Mr. Jeffrey M. Wooten, whose address is 307 West 38th Street, Suite 1501, New York, New York 10001.

8)      The defendant p/k/a "Kidd Kidd" infringed upon the plaintiffs' copyrighted work in concert with other defendants named herein. The location and residency of "Kidd Kidd is unknown at this time.

9)      The defendant *Cash Money Records, Inc.* is a Recording Company and claims exclusive sound recording rights to the infringed work. Cash Money Records, Inc. is the initial and primary agency that is responsible for recording, delivering, and licensing the master composition *(infringed work)* to licensees or sublicenses. Legal counsel for the defendant *Cash Money Records, Inc.* is Mr. Edward Grauer, whose address is 888 Seventh Avenue, Suite 500, in New York, New York 10019.

10)     The defendant(s) *Universal Music Group/Motown Records, Inc.* is a Recording Company that is responsible for manufacturing, distributing,

4

marketing and promoting the infringed work. *UMG Motown Records, Inc.* is located at 10 Universal City Plaza, 13th Floor, in University City, California 91608.

11) The defendant Warner-*Tamerlane Publishing Corp. a/c Young Money Publishing Inc.* is a contracting agency that is responsible for collecting and administering royalty shares for *Dwayne Carter's* liability of the infringed work. Warner Tamerlane is located at 10585 Santa Monica Blvd., in Los Angeles, California 90025-4950.

12)    The defendant *Universal Music Publishing Group on behalf of Almo Music Corp., a/c TightWerk Music* is a contracting agency that is responsible for collecting and administering royalty shares for the infringed work.  Universal Music Publishing Group is located at 2440 Sepulveda Boulevard, Suite 100, Los Angeles, California 90064-1712.

13)    The defendant *Royalty Network Inc., a/c Three Nails and a Crown Roynet Music* is located at 224 West 30th Street, Suite 1007, in New York, New York 10001.

14)    The defendant *Ultra Tunes a/c Reallionaire Music* is a contracting agency that is responsible for collecting and administering royalty shares for the infringed work.  Irving Music's is located at 2440 Sepulveta Blvd, suite 100, in Los Angeles, California 90064-1712.

15)    The defendant *BMI- Music* is a contracting agency that is responsible for collecting and administering royalty shares for the infringed work. BMI Music is located at 2675 Paces Ferry Road, Suite 350, Atlanta Georgia 30339.

16)    The defendant *ASCAP- Music a/c TightWerk Music* is a contracting agency that is responsible for collecting and administering royalty shares for the infringed work. ASCAP Music is located at 2440 Sepulveta Blvd, suite 100, in Los Angeles, California 90064-1712.


## PRELIMINARY STATEMENT

17)    The plaintiff brings this action against all named defendants herein because the defendants breached the Copyright Act under several provisions of Title 17 U.S.C. Section 101 et seq. of the United States Codes, and specifically Section 501(b). The facts and evidence will show that the defendant- recording artist Dwayne Carter p/k/a/ "Lil Wayne", and other named defendants herein, fabricated ownership of the plaintiff's copyrighted composition *"Crush"*, and consequentially stole, published, and exploited the composition without permission, nor regard for the song's Originator; the plaintiff Michael Bradford.

18)    The facts and evidence will also show that the actions of the defendants were willful, knowing, and deliberately unlawful. As a matter of law, the plaintiff is seeking 1) a restraining order preventing the defendants from utilizing the disputed composition any further until this matter is resolved in Court; 2) actual damages and the accrued profits from each defendant pursuant to Title 17 U.S.C. Section 504; 3) attorney fees and costs pursuant to Title 17 U.S.C. Section 505; 4) injunctive relief prohibiting each defendant from further infringing upon the plaintiff's copyrighted work pursuant to Title 17 U.S.C. Sections 502 & 503; 5) and punitive damages in order to deter the defendants' arbitrary infringements of copyrighted works of others in the future.

## STATEMENT OF FACTS

19)    On June 14, 2003 the plaintiff Michael A. Bradford filed a collection of musical compositions in the Copyright Office, which included the music portion of the composition disputed herein, *"Popeye"*.

20)    On May 15 2004, the plaintiff, who is an artist, songwriter/producer, had met with Ms. Carolyn E. Calloway, *(who is the mother of Sky Broadus p/k/a "Sky", also a recording artist)*; and provided her with a copy of his -

2003- registered copyrighted composition *"Popeye"* for promotional purposes, performances, and for potential release for her daughter *"Sky"*.

21) Approximately two (2) weeks later, the plaintiff Michael A. Bradford provided Ms. Carolyn E. Calloway and her daughter Sky Broadus with the lyrical verses for his copyrighted composition *"Popeye"*, and had coordinated vocal arrangements for *"Sky"*.

22) Immediately there after, in approximately August of 2004, "Sky" began recording the initial vocal tracks at the Patchwork Studios, which is located in Atlanta, Georgia. On or about August 18th, 2004, she had completed the final vocal recordings for the composition "Popeye" at the Outfit Recording Studio located at 159 Walker Street in Atlanta, Georgia.

23) On June 14, 2005 Michael A. Bradford had filed another musical collection with the Copyright Office, which included the already registered composition *"Popeye"*; except for this time the work was copyrighted with both music and lyrics combined under a new title *"Crush"*.

24) In February of 2008, Ms. Carolyn E. Calloway, who also owns the *Escape Hair Salon*, had employed a new hair stylist by the name of *Keyah*. On or about February 10th, of 2008, it was learned that *Keyah* was the hair stylist for the defendant *Dwayne Carter's* daughter *Regina,* for Dwayne Carter's wife, and for several of his cousins. That evening, Ms. Calloway's

daughter "Sky" was also involved in an MTV photo shoot with her photographer Mr. Leo Marshall. Dwayne Carter's daughter Regina and Sky had somehow become acquainted at the hair salon, to the extent that Regina had listened to and requested a copy of Sky's CD *(which included the infringed work)*. Sky's mother Ms. Carolyn Calloway had provided Regina with a copy of Sky's CD to the extent that Sky's photographer, Mr. Leo Marshall had also performed a photo shoot of Regina the day following Sky's photo shoot.

25) Later that same month, Regina was at the hair salon again, during which time she had asked Ms Carolyn Calloway if she could hear her daughter Sky's CD again, and to possibly obtain another copy. Seeing that Regina was a fan of Sky, and the daughter of Dwayne Carter p/k/a Lil' Wayne; Ms. Calloway was delighted to provide Regina with another copy of Sky's CD titled *"Sky Glam Rap"*.

26) Around about and during the same time period, Regina had also asked to see Sky's room, which was located upstairs from the hair salon. Ms. Calloway had therefore allowed Regina to see Sky's room, and had thereafter provided her and the hair stylist Keyah with multiple copies of Sky's CD; at which time Keyah had promised to let someone in the music industry hear the CD. During the time that the CD was given to Regina, at

least fifteen people were present in the salon. Ms. Calloway was very excited that her daughter's CD was going to have prominent exposure through Keyah's industry contacts.

27)     In approximately October of 2008, business manager and co-owner of the composition "Crush"; *Mr. Barron McClendon,* was driving and listening to the radio, when he noticed the familiarity of the song *Ms. Officer*, performed by *"Lil Wayne" & "Bobby Valentino"*, and noticed how the song seemed identical to the composition "Crush" that was included in a song catalogue that had been provided to him by Mr. Michael A. Bradford, and that is also contained on Sky's CD; *"Sky Glam Rap"*.

28)     The composition was provided to Mr. McClendon under a contractual agreement that was signed between himself and Michael Bradford on **March 3rd, 2008.** Upon hearing the song on the radio, Mr. McClendon had become suspicious, and had at first thought that maybe the plaintiff Michael Bradford or Sky Broadus's mother Carolyn Calloway had negotiated a deal with Lil' Wayne to utilize the song without his knowledge. Two weeks later while listening to the song *"Ms. Officer"* playing on the radio again, Mr. Barron McClendon had telephoned the plaintiff Michael Bradford and asked if he was listening to his song on the radio. At that time the plaintiff Mr. Michael Bradford had went to his car, turned on the radio, and noticed that

his song *"Crush"* was playing on the air, *(as interpolated in the Mrs. Officer composition)* without his authorization.

29)    After hearing all of the musical and lyrical contents surrounding the originality and lyrical concept of the composition currently titled "Ms. Officer", it was determined by the plaintiff Michael A. Bradford and other industry experts that *("the whole meritorious part of the plaintiff's song" is incorporated into the defendants' song, without any substantial alteration"); the heart of Michael A. Bradford's originally composed and protected work exists with substantial similarities in the total concept and feel in the defendants work.* After understanding this, the plaintiff Michael Bradford then telephoned Ms. Carolyn Calloway and asked if she had sold or given *Lil Wayne* or anyone else permission to use the song. Ms. Calloway had then advised Mr. Bradford that she had provided a copy of her daughter's CD; *"Sky Glam Rap"* to her hair stylist Keyah, who she had hired at the salon, and to Lil Wayne's daughter Regina. Ms. Calloway had thereafter written an affidavit regarding her knowledge of the matter. *(See Exhibit # 1-Affidavit of Carolyn Calloway dated—11-19-2008)*

30)    It was in November of 2000, that the plaintiff Michael Bradford had originated the composition; "Popeye" in musical form and in 2003 retained a

Certificate of Copyright pursuant to Title 17 U.S.C. Section 411 (a). *(See Exhibit 2-Certificate of Copyright dated_12-12-2003)*

31)    In 2005, Mr. Bradford had obtained another certificate of copyright for a collection of compositions which included lyrics in addition to the musical notes of the 2003-copyrighted composition "Popeye"; changing the title to *"Crush"*,. *(See exhibit 3- Certificate of Copyright dated_08-17-2005)*

32)    An infringed version of the above composition is currently being sold throughout the music industry today as the song *"Mrs. Officer"* by the defendants *"Lil Wayne"* and "Bobby Valentino". *(See Exhibit # 4- Lil Wayne's Album entitled: The Carter 3LP)*

33)    The defendants Dwayne Carter, p/k/a *"Lil Wayne"*, Bobby M. Wilson, p/k/a Bobby Valentino, Darius J. Harrison, p/k/a *"Deezle"*, Curtis Stewart p/k/a **"Kidd Kidd"** and others had falsified ownership of the composition under the following theory: While Dwayne Carter was at the Hot Beats Recording Studio in Atlanta Georgia, the studio's owner had advised *"Lil Wayne"* that *Bobby V.* (Bobby M. Wilson) was in the studio and wanted to speak with him.  Upon talking to *Bobby V.*, the defendant *"Lil Wayne"* had advised the defendant *Darius "Deezle" Harrison,* who was also present at the studio; that he needed a song for *Bobby V.* to do for his – *(Lil Wayne's)* album. It was during that time that the defendant Darius J. Harrison and Bobby Valentino had fabricated creation of the plaintiff's

composition under Dwayne Carter's, p/k/a *"Lil Wayne"* directions. The alleged account as to how the song Mrs. Officer came about was written in an XXL magazine article.

*(See Exhibit 5- XXL Magazine Article October 2008 issue)*

34)    After understanding that the composition had been unlawfully infringed upon; On October 22nd, 2008, Mr. Barron McClendon, had addressed a letter to the defendant's *"Lil Wayne's"* record label regarding the infringement; Universal Music Group. In his letter, Mr. McClendon clearly advised Universal Music of his intent to file for civil damages if the matter was not resolved in an appropriate fashion. *(See Exhibit # 6- Letter and Notice from Barron McClendon dated 10/22/08)*

35)    The defendant *Universal Music Group/Mowtown Records* had responded to Mr. McClendon's letter by e-mail, thereby advising him that he had to contact the defendants' attorney regarding the dispute due to the nature of their contractual agreements. *(See Exhibit # 7—E-Mail Letter from Record Label dated—10-27-2008)*

36)    On December 10th, 2008, Mr. McClendon had therefore addressed a letter to the attorneys for the defendants via e-mail and certified mail, and mailed copies of the letter to all other interested parties via certified mail. In his letter Mr. McClendon had notified the parties of the copyright infringement claim, and had forwarded the certificate of copyright for the

disputed composition, in addition to the original version of the composition on CD and through MP-3 audio file format via-the internet and certified mail. Further in his letter Mr. McClendon requested that the matter be resolved through settlement in order to prevent civil litigation. *(See exhibit # 8-Letter from Barron McClendon dated—12/10/08)*

37)    On December 12th, 2008, Mr. McClendon had received a responsive letter through e-mail from Mr. Edward R. Grauer Esq., which indicated that Cash Money Records would not issue any mechanical or mobile royalties until the matter is resolved. *(See Exhibit # 9- E-mail reply from Edward Grauer dated — 12-12-2008)*

38)    On December 16th, 2008, Mr. McClendon had also addressed a letter to Mr. Gary Ross, of BMI Publishing Relations, advising him to freeze all performance royalties, claims, third party license fees, and all statement mail outs/payments until all copyright infringement claims are resolved. *(See Exhibit # 10- Letter from Barron McClendon dated_12/16/08)*

39)    On December 19th, 2008, Mr. McClendon had also addressed a letter via e-mail to Mr. Mike Bellini, the ASCAP Repertory Services Coordinator; advising him to freeze all performance royalties, claims, third party license fees, and all statement mail outs/payments until all copyright infringement claims are resolved. *(See Exhibit # 11- Letter from Barron McClendon dated—12/18/08)*

40)    In response to his above letter to BMI and ASCAP; on 12-26-2008, Mr. McClendon had received an e-mail from Wes Wooden, the Manager of Works Registration for BMI, who had advised McClendon that he would be in touch soon in regards to the request to freeze any performance funds.

*(See Exhibit # 12- Letter via e-mail from Wes Wooden dated_12-26-2008)*

41)    In further response to the e-mail letter from Wes Wooden at BMI, Mr. McClendon had received an e-mail from Richard Garza, a staff attorney for BMI, who had advised McClendon that he could not honor his request to freeze any funds; but forwarded a copy of BMI's policy on freezing funds.

*(See Exhibit # 13- Letter from Richard Garza dated—01-07-2009)*

42)    On December 26th, 2008, Mr. McClendon had also received a letter from the defendant ***Darius J. Harrison's*** attorney, Mr. Jonathan Wooten, who accused Mr. McClendon, inter alia, of attempting to extort the defendants by filing a frivolous copyright infringement claim. *(See Exhibit # 14- Letter from Jefferey Wooten dated—12/26/08)*

43)    On January 5th, 2009, Barron McClendon had responded to Mr. Jonathan Wooten's letter, and had advised him, inter alia, of his company's protocol to legally notify individuals accused of copyright infringements of any works by artists contracted by his company. Mr. McClendon also advised Mr. Wooten that the copyright infringement claim is authenticable, could be supported with evidence, and in substance; advised him that the

claim will not be dismissed based on Wooten's implicit threats against McClendon and Michael Bradford. The letter was sent via e-mail to all defendants, their attorneys, and all other interested parties to the action. *(See Exhibit # 15- Letter from Barron McClendon dated_01-05-2009)*

On January 15th, 2009 Mr. McClendon received a response from Ms. Susan Ranta on behalf of the defendant Universal Music Publishing Group, for Almo Music Corp. In her letter Ms. Ranta merely advised refuted Mr. McClendon's allegations of copyright infringement, and requested that he withdraw his claim. *(See exhibit #16- Letter from Universal Music Publishing—dated 1-15-09)*

On January 18th, 2009 Mr. Bradford received a response from Ms. Tonya Y. Lewis on behalf of the United States Copyright Office. In her letter Ms. Lewis noted that the Certifications and Documents Section has provided the following services and applied fees as per Mr. Bradford's request for works registered under PAu2-831-055 and two (2) others . *(See exhibit #17- Letter and CD-Copies from United States Copyright Office—dated 1-16-09)*

## ARGUMENT

44)   The facts of this case show that the defendant Dwayne Carter's daughter Regina, had access to the plaintiff's composition "Crush" through Ms. Carolyn Calloway and her daughter Sky Braudus. Although there is no

direct evidence showing that the defendants infringed upon the composition, there is direct evidence that the defendants had opportune access to the composition. The plaintiff argues that the defendants knew that the composition was not their own creation, but speciously infringed upon the protected work, and falsified ownership thereof by merely changing the tempo and adding an instrument – *(Guitar strings)* to the plaintiff's pre-existing composition in violation of Title 17 U.S.C. Section 501(b). The plaintiff argues that the unlawful encroachment upon his copyrighted material by the defendants was perpetrated solely for greed, financial gain, and unwarranted tribute; carried out without permission, approval, or regard for the innate rights of the plaintiff, who autonomously originated the composition without any assistance from any of the defendants.

45)	Courts have held that "A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." See ***Roley v. New World Pictures, Ltd.***, 19 F.3d 479, 481 (9th Cir. 1994). The plaintiff argues that the defendants knowingly and deliberately infringed upon his exclusive rights to the composition.

46)	The plaintiff further argues that the defendants have unlawfully published, exploited, and are unjustly earning mega millions of dollars from distribution sales of the composition to date. Title 17 U.S.C. 501(b) provides that *"The legal or beneficial owner of an exclusive right under a copyright is*

*entitled, subject to the requirements of section 411[17U.S.C. 411], to institute an action for any infringement of that particular right committed while he or she is the owner of it. The Court may require such owner to serve written notice of the action with a copy of the complaint upon any person shown, by the records of the copy right office or otherwise, to have or claim an interest in the copyright, and shall require that such notice be served upon any person whose interest is likely to be affected by a decision in the case. The court may require the joinder, and shall permit the intervention, of any person having or claiming an interest in the copyright. "*

47)     The facts of this case clearly show the defendants are guilty of infringing upon the plaintiff's copyrighted work. When listening to Exhibit 3 and comparing with Exhibit 4; there is no doubt that these are identical compositions. When listening to the defendants' version, it will be noticed that the defendants' version has been slightly altered from the plaintiff's version, except that the defendants tempo has been changed, and guitars have been added in an attempt to obscure the original version, that is otherwise unmistakably amidst the defendants' supposed new song, *"Mrs. Officer"*. This was clearly a misappropriation of the plaintiff's composition by the defendants.

## STATEMENT OF CLAIMS

### *First Cause of action*

48)     The actions of the defendants as detailed in paragraphs 19-49 arbitrarily infringed upon the protected work of the plaintiff, in violation of Title 17 U.S.C. Section 501(b).

### *Second Cause of Action*

49)     The actions of the defendants as detailed in paragraph 19 thru 49 violated the Lanham Act. Section 43(a) of the Lanham Act protects composed works of originators thereof, from being falsely designated as the creation of another.  Section 43(a) of the Lanham Act, pursuant to Title 15 U.S.C. § 1125(a); provides relief to co-authors whose names have been omitted from a record album cover and sheet music featuring the co-authored compositions. See:  *Lamothe v. Atlantic Recording Corporation,* 847 F.2d 1403 (9th Cir 1988).  The Lanham Act's--- prohibition of false designations or representations reaches either goods or services sold in interstate commerce. See: *Smith v. Montero,* 648 F.2d 602 (9th Cir. 1981); see also: *New West Corp. v. NYM Co. of Cal.,* 595 F.2d 1194, 1198 (9th cir. 1979). Any other licensees or sub licensees of Dwayne Carter p/k/a "Lil' Wayne" (Whom would be liable under section 43(a) regardless of knowledge); from advertising the record "Ms. Officer" in a manner

decreeing that the "Parties", knowingly and deliberately applied an incomplete designation of the songs source.


## RELIEF

50)  **WHEREFORE**, the plaintiff prays for this Honorable Court to grant the following relief:

A) *Issue an Injunctive Relief*: immediately freezing all gains, profits, disbursements, and advantages derived from the defendants' unlawful infringement of the copyrighted work; order the defendants to cease and desist in all distributions, sales, publications, or any additional

B) promotions of the plaintiff's copyrighted work until the legal merits have been adjudicated within this proceeding; and assign and decree exclusive ownership of the disputed composition to Michael Bradford as 100% owner thereof.

C) *Grant Attorney Fees and Costs* pursuant to Title 17 U.S.C. Section 505.

D) *Issue a Restraining Order*, ordering that the defendants cease and desist in all distributions, sales, publications, or any additional promotions of the plaintiff's copyrighted composition, and that the defendants refrain from harassing, threatening, or harming the

plaintiff and/or any of his business affiliates regarding the disputed composition due to the filing of this civil action.

E) *Grant seizures* against *all defendants named and captioned herein* in their individual and official capacity pursuant to Title 17 U.S.C. Section 509 (a) (b), inclusive of all bank accounts, houses, vehicles, jewelry, land, business assets, and any other identifiable property acquired through the defendants violation of the Lanham Act.

F) *Grant Punitive Damages* in the following amounts:

1) *Award $20,000.000.00* against the defendant *"Lil Wayne"* in his individual and official capacity for knowingly and deliberately stealing the plaintiff's protected composition, placing the composition on his album, and for utilizing the same to unlawfully profit and to further his music career.

2) *Award $5,000.000.00* against *Bobby M. Wilson*, p/k/a *Bobby Valentino* in his individual and official capacity for conjointly stealing the plaintiff's protected composition, and for utilizing the composition to unlawfully profit and to further his music career.

3) *Award $20,000.000.00* against the defendant *Darius "Deezle" Harrison* in his individual and official capacity for deliberately and knowingly falsifying creation and authorship of the plaintiff's

protected composition, and for unlawfully profiting there-from in violation of the Copyright laws of the United States of America under several provisions of Title 17 thereof.

4) *Award $5,000.000.00* against *Cash Money Records* in its official capacity for unlawfully publishing and distributing the plaintiff's protected composition, in violation of Title 17 U.S.C. Section 501(b).

5) *Award $5,000.000.00* against *UMG/Motown Recording Inc.* in its official capacity for unlawfully recording the plaintiff's protected composition, for profiting from the work in violation of Title 17 U.S.C. Section 501(b), and for violating the Lanham Act.

6) *Award $2,000.000.00* against each of the following defendants in their official capacity for violating the Lanham Act: *Curtis Stewart*, p/k/a *Kidd Kidd*; *Warner-Tamerlane Publishing Corp. a/c Young Money Publishing Inc.; Universal Publishing Music Group, on behalf of Almo Music Corp. a/c Tightwerk Music; The Royalty Network Inc., a/c Three Nails and a Crown Roynet Music; Ultra Tunes, a/c Reallionaire Music; BMI Inc.; ASCAP*; et al.

7) Grant any other further such relief as this Honorable Court may deem is just and proper according to the facts addressed herein.

Respectfully submitted,

Michael Bradford

Michael Bradford Pro Se
710 Peachtree Street, Apt. 805
Atlanta, Georgia 30308

Dated: 1/21/09