## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL BRADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DWAYNE MICHAEL CARTER, JR, | ) | |
| p/k/a LIL WAYNE; BOBBY | ) | |
| MARCEL WILSON, p/k/a BOBBY | ) | |
| VALENTINO; DARIUS J. | ) | |
| HARRISON, p/k/a DEEZLE; CURTIS | ) | |
| STEWART, p/k/a KIDD KIDD; CASH | ) | |
| MONEY RECORDS, INC.; | ) | CIVIL ACTION NO. |
| UNIVERSAL MOTOWN REPUBLIC | ) | 1:09-CV-00156-JEC |
| RECORDS GROUP, A DIVISION OF | ) | |
| UMG RECORDINGS, INC. | ) | |
| ; WARNER-TAMERLANE | ) | |
| PUBLISHING CORP.; YOUNG | ) | |
| MONEY PUBLISHING, INC.; | ) | |
| RONDOR MUSIC | ) | |
| INTERNATIONAL, INC.; THE | ) | |
| ROYALTY NETWORK INC.; | ) | |
| ULTRA INTERNATIONAL MUSIC | ) | |
| PUBLISHING, LLC d/b/a ULTRA | ) | |
| TUNES LLC; BMI INC.; and ASCAP; | ) | |
| | ) | |
| Defendants. | ) | |

1. **MOTION IN SUPPORT OF PLAINTIFF'S MOTION TO CANCEL (SET ASIDE) ORDER FOR EARLY NEUTRAL EVALUATION AND IN OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SANCTIONS**

2. **MEMORANDUM OF LAW IN SUPPORT THEREOF**

## **MOTION**

COME NOW Plaintiff, Michael Bradford, through undersigned counsel, pursuant to FED R. CIV. P. 60(b)(3) and the inherent authority of the Court, respectfully moves this Court to grant Plaintiff's Motion to set aside the Court's Order for Early Neutral Evaluation (ENE) [66] that was scheduled by Order [74] premised solely on Defendants' intentionally deceptive disclosures and pleadings for Joint Motion for Referral to ENE [65].  Pursuant to Fed R. Civ. P. 11(c), NDGA LR 83.1(F)(4) and 28 U.S.C. §1927, Plaintiff also respectfully moves this Court to summarily deny Defendants' Cross-Motion for sanctions and to sanction Defendants for Defendants' Counsel's unreasonable and vexatious conduct in filing pleading in bad faith and for improper purpose.

NOTICE is hereby given that, within 10 business days, no later than January 25, 2010, in accord this Motion, Plaintiff shall file a declaration of costs and fees reasonably incurred in refuting Defendant's unseemly request for sanctions to apparently reward Defendants' counsel's bad faith and fraudulently inducement of , then pro se Plaintiff, Michael Bradford.

The grounds for Plaintiff's Motion are fully set forth in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Cancel (Set Aside) Order for Early Neutral Evaluation and in Opposition to Defendant's Cross-

Motion for Sanctions filed contemporaneously herewith.  This Motion is made

for good cause, in good faith and not for the purpose of delay; will not result in

prejudice to any Party; and will not delay trial or any other phase of the case.

Respectfully submitted, this 12th day of January, 2010.

s/ S. Quinn Johnson
S. Quinn Johnson
JOHNSON|LLC
3348 Peachtree Road, NE
Tower Place 200, Suite 700
Atlanta, GA 30326
Telephone:  (678) 954-4754
Facsimile: (678) 954-4755

ATTORNEY FOR PLAINTIFF
MICHAEL BRADFORD

# MEMORANDUM OF LAW

## TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS…………………………………………….... i

TABLE OF CITATIONS……………………………………..……. ii

PRELIMINARY STATEMENT…………………………….…... 1

FACTUAL BACKGROUND..…………………………….……… 2

ARGUMENT……………………………………………….……… 5

I.     DEFENDANTS FRAUDULENTLY INDUCED          5
       PLAINTIFF'S ENTRY INTO AN AGREEMENT TO
       REQUEST AN ORDER FOR ENE THROUGH DECEPTIVE
       DISCLOSURES, INTENTIONAL MISREPRESENTATION
       AND OMISSIONS TO PLAINTIFF AND THE COURT ……

       A.     Defendants' Counsel has Failed Defendants' Duty to     5
              File Truthful Disclosures to Plaintiff and the
              Court………………………………………………..

       B.     Plaintiff's Motion To Set Aside Order Should Be        7
              Granted Because of the Clear and Convincing Evidence
              of Defendants' Misrepresentation ………………………

II.    DEFENDANT SHOULD BE SANCTIONED FOR           9
       DEFENDANTS' COUNSEL'S UNREASONABLE AND
       VEXATIOUS CONDUCT IN FILING PLEADING IN BAD
       FAITH AND FOR IMPROPER PURPOSE…………………...

CONCLUSION…………………………………………....…... 12

CERTIFICATE OF COUNSEL REGARDING FONT SIZE………...  14

CERTIFICATE OF SERVICE…………………………………..  15

APPENDIX…………………………………………………...  17

TABLE OF CITATIONS

<u>CASES</u>                                                                        <u>PAGE</u>

*McMahan v. Toto,* 256 F.3d 1120, 1128 (11th Cir.2001)……………  9

*Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1544 (11th

Cir.1993) ……………………………………………………  10

*Avirgan v. Hull,* 932 F.2d 1572, 1582 (11th Cir.1991)………………  10

*Shepherd v. Wellman,* 313 F.3d 963, 969 (6th Cir.2002)……………  10

*Nesmith v. Martin Marietta Aerospace*, 833 F.2d 1489, 1490 (11th

Cir.1987)……………………………………………………  10

*Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993)………………  10

*Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir.

2003)………………………………………………………  10

*John Simmons Co. v. Grier Bros. Co*., 258 U.S. 82, 88(1992)………..  8

*United States v. Jerry,* 487 F.2d 600, 605 (3d Cir. 1973)……………  8

Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001) …………….. 11

*In Re Pennie & Edmonds L.L.P.,* 323 F.3d 86, 89 (2d Cir. 2003)……. 11

OTHER

GA RULES OF PROFESSIONAL CONDUCT 4.1………………… 5,6,12

GA RULES OF PROFESSIONAL CONDUCT 8.4………………… 5,6,12

NDGA LOCAL RULES 83.1(F)…………………………………... 9,12

28 U.S.C. § 1927…………………………………………………... 9,11,12

FED. RULES OF CIV. PROC., RULE 11(C) ………………………. 5,6,10,12

FED. RULES OF CIV. PROC., RULE 11(B)(1)…………………….. 10,11,12

FED. RULES OF CIV. PROC., RULE 60(B)(3)…………………….. 7

## PRELIMINARY STATEMENT

Defendants' Counsel filed a knowingly fraudulent disclosure and pleading upon Plaintiff and the Court, in an attempt to deceive, then pro se Plaintiff, Michael Bradford, into participating in ENE through Defendants' sophisticated concealment of the necessary knowledge of <u>which</u> Defendants would be represented by Defendants' Counsel in any purported ENE or settlement discussions.

Defendants' Counsel's failure to truthfully disclose their representation of Defendant Warner-Tamerlane Publishing Corporation[1] in this instant case is not simply an oversight, but a glaring display of the impunity with which Defendants have continued their pattern of intentional deceptive misrepresentations and omissions.  Defendants Counsel's purposefully deceptive disclosures to Plaintiff and the Court were clearly in bad faith and for an improper purpose- particularly given that Defendants' Counsel have represented during all relevant times, and continue to represent, Defendant

---

[1] Defendant Warner-Tamerlane Publishing Corp.  administers the copyrights for the Infringing Work on behalf of, and is a subsidiary of parent Corporation, Warner Music Group Corporation. Warner Music Group Corporation is includes Warner/Chappell Music, one of the **world's largest music publishers**, with a catalog of more than one million copyrights worldwide.

Warner-Tamerlane Publishing despite Defendants' Counsel's relapsing-remitting candor and acknowledgement of such during these proceedings.

Even in the face of  Defendants Counsels' <u>continued</u> failure to inform this Court of Defendants' fraudulent disclosure in pleadings to the Court regarding ENE, Defendants' disingenuously allege to be unaware of their willful misconduct in this matter.  Plaintiff submits that the Court should not reward Defendants' willful abuse of the judicial process , as facially proven by Defendants' filing of ENE related pleadings for improper purpose- conduct tantamount to bad faith.  Thus, Plaintiff submits that the Court should grant Plaintiff's Motion to set aside ENE, summarily deny Defendants' request for sanctions and sanction Defendants' Counsel for their vexatious conduct in these proceedings and the fraudulent inducement of Plaintiff.


## <u>FACTUAL BACKGROUND</u>

In consideration of the Court's time and resources, Plaintiff has limited the relevant factual background to the brief material facts below.

In Defendants Counsel's June 19, 2009 Letter ( Appendix at 20)  to, then pro se Plaintiff,  Cynthia Arato, admitted to this Court pro hac vice,  initiated and has continued Defendants' ongoing pattern of failing to make truthfully

disclosures to Plaintiff.  In the June 19, 2009 Letter, Defendants' Counsel

plainly and intentionally misrepresents to Plaintiff, "As you know, we represent

defendants Universal Motown Republic Records…Rondor Music…Royalty

Network… and Deezle in [this] matter."  From the onset, Defendants

intentionally and deliberately sought to deceive, then pro se Plaintiff, Michael

Bradford, into participating in ENE through Defendants' sophisticated

concealment of the basic acknowledgement of which Defendants are

represented by Defendants' Counsel, including Cynthia Arato.

    Defendants' clear pattern of deceptive disclosures and deliberate

misrepresentations to Plaintiff and to this Court were continuous in regards to

Defendants' Counsel's intentional omission of its representation of Defendant

Warner-Tamerlane Publishing Corporation.  This continued pattern of

intentional omissions by Defendants is facially evident,  in the July 17, 2009

Letter ( Appendix at 21) drafted by Defendants' Counsel regarding the Motion

for ENE and the July 31, 2009 Joint Motion [65] ( Appendix at 22-23).

Defendants Counsel, who drafted both the disclosure to Plaintiff and the

pleading to the Court, intentionally and fraudulently omitted the

acknowledgement that Defendant Warner-Tamerlane Publishing Company was,

and continues to be, represented by Defendants' Counsel.

Prior to Plaintiff, Michael Bradford, obtaining Counsel in this action on September 10, 2009, the Parties communications regarding ENE were limited to the June 19, 2009 Letter and the July 17, 2009 Letter (Appendix at 20-21). As a result of these two communications, the Parties filed a Joint Motion with this Court on July 31, 2009 seeking referral to ENE [65]  (Appendix at 22-23).

Although Plaintiff's Counsel entered this case on September 10, 2009 [70], and Counsel conferred repeatedly regarding the ENE and exchanged information (D. Memorandum)[79] at 4, at no time have Defendants' Counsel ever informed Plaintiff's Counsel, that Defendant had intentionally mislead Plaintiff and the Court, and thereby the ENE would purposefully and unjustly impair Plaintiff's ability to litigate non-frivolous claims for Copyright Infringement against Defendants.  The record in this matter confirms that nearly three months passed after Defendants' Counsel's initial fraudulent disclosure to, then pro se Plaintiff, Michael Bradford, before Defendants' Counsel clandestinely disclosed in a pleading to the Court that Defendant Warner-Tamerlane Publishing Corporation was also represented by Defendants Counsel.

## ARGUMENT

**I.    DEFENDANTS FRAUDULENTLY INDUCED PLAINTIFF'S ENTRY INTO AN AGREEMENT TO REQUEST AN ORDER FOR ENE THROUGH DECEPTIVE DISCLOSURES, INTENTIONAL MISREPRESENTATION AND OMISSIONS TO PLAINTIFF AND THE COURT**

**A.    Defendants' Counsel has Failed Defendants' Duty to File Truthful Disclosures to Plaintiff and the Court.**

The Court should find that Defendants' Counsel have failed their duty to file truthful disclosures and pleadings under Fed R. Civ. P. 11(b)(1), and GA Rules of Prof. Conduct, Rules 4.1(b), 8.4(a)(4).

The record in the instant case plainly reveals that Defendants' Counsel has persistently failed Defendants' duty to file truthful disclosures and pleadings as shown by Defendants' intentional misrepresentations to Plaintiff and the Court to fraudulently induce Plaintiff.

The plain statutory language of Fed R. Civ. P. 11(b)(1), provides: "By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented

party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

and

Similarly, under the GA Rules of Prof. Conduct, Rules 4.1(b) provides: "In the course of representing a client a lawyer shall not knowingly:  (a) make a false statement of material fact or law to a third person."

Also, under the GA Rules of Prof. Conduct, Rules 8.4(a)(4) provides: "It shall be a violation of the Georgia Rules of Professional Conduct for a lawyer to: (4) engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation."

In the instant case, the record of Defendants' pervasive and facially intentional misrepresentations to Plaintiff and the Court clearly establish that Defendants' Counsel have failed their duty to file truthful disclosures and pleadings under Fed R. Civ. P. 11(b)(1), and GA Rules of Prof.

Conduct, Rules 4.1(b), 8.4(a)(4).  For these reasons, this Court should

find

**B.     Plaintiff's Motion To Set Aside Order Should Be Granted**
**Because of the Clear and Convincing Evidence of Defendants'**
**Misrepresentation**

A Court may relieve a party from a final judgment or order for the

following reason: "fraud (whether previously called intrinsic or

extrinsic), misrepresentation, or misconduct by an opposing party"

Federal Rule of Civil Procedure 60(b)(3).  Fed. R. Civ. P. 60(b)(3), for

fraud provides, in relevant part:

> "On motion and just terms, the court may relieve a party or
>
> its legal representative from a final judgment, order, or
>
> proceeding for the following reasons: (3) fraud (whether
>
> previously called intrinsic or extrinsic), misrepresentation,
>
> or misconduct by an opposing party."

In the instant case, the record of Defendants' pervasive and facially intentional misrepresentations to Plaintiff and the Court include Defendants' Counsel's June 19, 2009 Letter ( Appendix at 20),   July 17, 2009 Letter (Appendix at 20-21) and July 31, 2009 Motion seeking referral to ENE [65]  (Appendix at 22-23).  The record clearly demonstrates that Defendants' Counsel made intentional misrepresentations to Plaintiff and the Court to induce Plaintiff's entry into an agreement to request an Order ENE.  As a result of Defendants' deceptive, unreasonable and vexatious conduct as well as Defendants' Counsel's misrepresentations to the Court, this Court should grant Plaintiff's Motion to set aside Order for ENE without restrictions or limitations.

Furthermore, as stated in ("Defendant's Motion") [79] at 6-7, this Court has discretion to modify  or rescind its interlocutory Order referring this case to ENE (*John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88(1992)), and this Court should exercise this discretion if it is "consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973).  It is readily apparent that justice compels that the Court should grant Plaintiff's Motion to Set Aside Order for ENE as a

result of Defendants' unreasonable and vexatious conduct in filing

pleadings in bad faith and for an improper purpose.

## II.    DEFENDANT SHOULD BE SANCTIONED FOR DEFENDANTS' COUNSEL'S UNREASONABLE AND VEXATIOUS CONDUCT IN FILING PLEADING IN BAD FAITH AND FOR IMPROPER PURPOSE

A Court should sanction Defendants' Counsel pursuant to the Court's

inherent discretion as provided under Fed R. Civ. P. 11(c), 28 U.S.C. §1927 and

LR 83.1(F)(4)

The plain statutory language of section 1927 provides:

"Any attorney or other person admitted to conduct cases in any

court of the United States or any Territory thereof who so multiplies the

proceedings in any case *unreasonably and vexatiously* may be required

by the court to satisfy personally the excess costs, expenses, and

attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §

1927 (emphasis added).

To justify an award of sanctions pursuant to Section 1927, an attorney

must engage in unreasonable *and* vexatious conduct.   See *McMahan v. Toto,*

256 F.3d 1120, 1128 (11th Cir.2001).  The statute was designed to sanction

attorneys who "willfully abuse the judicial process by conduct tantamount to

bad faith." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1544 (11th Cir.1993) (quoting *Avirgan v. Hull,* 932 F.2d 1572, 1582 (11th Cir.1991)). ""Bad faith" is the touchstone of Section 1927, not…mere negligence". *See Shepherd v. Wellman,* 313 F.3d 963, 969 (6th Cir.2002).

> The plain statutory language of Fed. R. Civ. P Rule 11(c)(1) provides:
> "*In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

Rule 11 does not require a showing of subjective bad faith. The bad faith element is determined by objective standards of reasonableness. *Nesmith v. Martin Marietta Aerospace*, 833 F.2d 1489, 1490 (11th Cir.1987). The standard used to evaluate an alleged violation of Rule 11 is "reasonableness under the circumstances." Id.; *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993). A court has discretion to award Rule 11 sanctions…when the party files a pleading in bad faith for an improper purpose. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citation omitted).

Additionally, "[A]wards pursuant to [section] 1927 [unlike Rule 11] may be imposed only against the offending attorney; clients may not be saddled with such awards." *Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001) (internal quotations omitted).* Rule 11 also provides the allegedly erring attorney the "safe harbor" of a 21-day notification[2], while [section] 1927 does not.

---

[2] Fed. R. Civ. P. 11(c)(1)(A). Rule 11's safe harbor provision disallows such motions as untimely when filed after a point in the litigation when the [party] sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission. *In Re Pennie & Edmonds L.L.P.,* 323 F.3d 86, 89 (2d Cir. 2003).

## **CONCLUSION**

Defendants' Counsel, particularly Cynthia Arato, admitted to this Court pro hac vice, have failed their duty to file truthful disclosures and pleadings under Fed R. Civ. P. 11(b)(1), 28 USC § 1927 and GA Rules of Prof. Conduct, Rules 4.1(b), 8.4(a)(4). Defendants must not be permitted to continue Defendants' unreasonable and vexatious conduct, nor should Defendants be awarded sanctions for Defendants' Counsel's fraudulent inducement of , then pro se Plaintiff, Michael Bradford.

For the foregoing reasons, Plaintiff respectfully asks this Court to grant Plaintiff's Motion to set aside the Court's Order for Early Neutral Evaluation (ENE) that was premised solely on Defendants' intentionally deceptive disclosures and pleadings for Joint Motion for Referral to ENE. As such, Plaintiff respectfully asks this Court to summarily deny Defendants' Cross-Motion for sanctions. Plaintiff also respectfully requests this Court to sanction Defendants' Counsel, particularly Cynthia Arato, admitted to this Court pro hac vice, pursuant to the Court's inherent discretion as provided under Fed R. Civ. P. 11(c), 28 U.S.C. §1927 and LR 83.1(F)(4) for Defendants' Counsel's unreasonable and vexatious conduct in filing pleading in bad faith and for improper purpose.

Respectfully submitted, this 12th day of January, 2010.

> s/ S. Quinn Johnson
> S. Quinn Johnson
> JOHNSON|LLC
> 3348 Peachtree Road, NE
> Tower Place 200, Suite 700
> Atlanta, GA 30326
> Telephone:  (678) 954-4754
> Facsimile: (678) 954-4755
>
> ATTORNEY FOR PLAINTIFF
> MICHAEL BRADFORD

## <u>CERTIFICATE OF COUNSEL REGARDING FONT SIZE</u>

Counsel certifies that the foregoing (1) MOTION IN SUPPORT OF PLAINTIFF'S MOTION TO CANCEL (SET ASIDE) ORDER FOR EARLY NEUTRAL EVALUATION AND IN OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SANCTIONS and (2) MEMORANDUM OF LAW IN SUPPORT THEREOF have been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(B)(3) and 7.1(D).

This 12th day of January, 2010.

<u>s/</u> ***S. Quinn Johnson*** _____
S. Quinn Johnson
Georgia Bar No. 120573

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing (1) MOTION IN SUPPORT OF PLAINTIFF'S MOTION TO CANCEL (SET ASIDE) ORDER FOR EARLY NEUTRAL EVALUATION AND IN OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SANCTIONS and (2) MEMORANDUM OF LAW IN SUPPORT THEREOF have been served with the Clerk of Court and upon parties to this proceeding accepting service electronically via the CM/EFC, on this 12th day of January, 2010.

T. Joshua R. Archer
Georgia Bar No. 021208
M. Anne Kaufold-Wiggins
Georgia Bar No. 142239
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, GA 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

Cynthia S. Arato
(admitted pro hac vice)
Marc E. Isserles
(admitted pro hac vice)
MACHT, SHAPIRO, ARATO &
ISSERLES, LLP
1114 Avenue of the Americas, 45th
Floor
New York, NY 10036
Telephone:  (212) 479-6724
Facsimile:  (212) 202-6417

ATTORNEYS FOR DEFENDANTS
UNIVERSAL MOTOWN REPUBLIC
RECORDS GROUP, A DIVISION OF
UMG RECORDINGS, INC., RONDOR
MUSIC INTERNATIONAL, INC., THE
ROYALTY NETWORK INC., DARIUS
J. HARRISON, P/K/A DEEZLE, AND
WARNER-TAMERLANE
PUBLISHING CORP.


s/ ***S. Quinn Johnson*____**
S. Quinn Johnson
Georgia Bar No. 120573

APPENDIX

TABLE OF CONTENTS

PAGE

**June 8, 2009** Answer of Defendant Warner-Tamerlane Publishing    18,19

Corp. – **pleading to the Court** asserting Cynthia Arato as Counsel

(relevant pages) [53]

**June 19, 2009** Letter to Michael Bradford drafted by Cynthia Arato    20

regarding Cynthia Arato's representation of Defendants-

**intentionally omitting** Defendant Warner-Tamerlane.

**July 17, 2009** Letter to Michael Bradford drafted by Defendants'    21

Counsel regarding Motion for ENE- **intentionally omitting**

Defendant Warner-Tamerlane.

**July 31, 2009** Joint Motion for ENE drafted and filed by Defendants'    22,23

Counsel (relevant pages) [65]- **pleading to the Court** that

**intentionally omits** Defendant Warner-Tamerlane.

**September 11, 2009** Joint List for ENE drafted and filed by    24,25

Defendants' Counsel (relevant pages) [71]- **pleading to the Court**

that **finally discloses** Defendant Warner-Tamerlane, despite prior

purposeful and intentional **omissions** to the Court.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL BRADFORD, | ) | |
| | ) | |
| Plaintiff Pro Se, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DWAYNE CARTER, p/k/a "LIL | ) | |
| WAYNE"; BOBBY M. WILSON, | ) | |
| p/k/a BOBBY VALENTINO; | ) | |
| DARIUS J. HARRISON, p/k/a | ) | |
| DEEZEL; CURTIS STEWART, p/k/a | ) | |
| KIDD KIDD; CASH MONEY | ) | |
| RECORDS; UNIVERSAL MUSIC | ) | CIVIL ACTION NO. |
| GROUP/MOTOWN RECORDS, | ) | 1:09-CV-00156-JEC |
| INC.; WARNER-TAMERLANE | ) | |
| PUBLISHING CORP. a/c YOUNG | ) | |
| MONEY PUBLISHING INC.; | ) | |
| UNIVERSAL MUSIC PUBLISHING | ) | |
| GROUP – ALMO MUSIC CORP. | ) | |
| A/C TIGHTWERK MUSIC; THE | ) | |
| ROYALTY NETWORK, INC. A/C | ) | |
| THREE NAILS AND A CROWN | ) | |
| ROYNET MUSIC; ULTRA TUNES | ) | |
| A/C/ REALLIONAIRE MUSIC; BMI | ) | |
| INC.; ASCAP; et al., | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER OF DEFENDANT WARNER-TAMERLANE
PUBLISHING CORP.

WHEREFORE, having fully answered Plaintiff's Complaint and Amended Complaint, Defendant prays that he be discharged with costs against Plaintiff.

Respectfully submitted this 8th day of June, 2009.

s/ M. Anne Kaufold-Wiggins
T. Joshua R. Archer
Georgia Bar No. 021208
M. Anne Kaufold-Wiggins
Georgia Bar No. 142239

**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, GA 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

Cynthia S. Arato (admitted pro hac vice)
**MACHT, SHAPIRO, ARATO &
ISSERLES, LLP**
The Grace Building
1114 Avenue of the Americas, 45th Floor
New York, NY 10038
Telephone: (212) 479-6727
Facsimile: (212) 202-6417

**ATTORNEYS FOR
WARNER-TAMERLANE
PUBLISHING CORP.** (erroneously sued
as a/c Young Money Publishing)



Macht, Shapiro, Arato & Isserles LLP

The Grace Building
1114 Avenue of the Americas, 45th Floor
New York, NY 10036

212-479-6724 (tel)
212-202-6417 (fax)
www.machtshapiro.com

June 19, 2009

VIA E-MAIL

Mr. Michael A. Bradford
710 Peachtree Street, Apt. 805
Atlanta, GA  30308

Re:  Michael Bradford v. Dwayne Carter, et al., 1:09-cv-0156 JEC

Dear Mr. Bradford:

As you know, we represent defendants Universal Motown Republic Records Group, a division of UMG Recordings, Inc., Rondor Music International, Inc., The Royalty Network, Inc., and Darius J. Harrison (collectively "Defendants") in the above-referenced matter.

On May 14, 2009, Defendants served you by hand with (i) First Set of Document Requests Propounded by Defendants Universal Motown Republic Records Group, a division of UMG Recordings, Inc., Rondor Music International, Inc., The Royalty Network, Inc., and Darius J. Harrison, (ii) First Set of Interrogatories Propounded by Defendant Universal Motown Republic Records Group, a division of UMG Recordings, Inc., and (iii) First Set of Request for Admissions Propounded by Defendants Universal Motown Republic Records Group, a division of UMG Recordings, Inc., Rondor Music International, Inc., The Royalty Network, Inc., and Darius J. Harrison.

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, your responses to these discovery requests were due by June 15, 2009, but we have received no responses from you. Please serve Defendants with your responses immediately, or we will have no choice but to raise this matter with the Court.

Sincerely,

Cynthia S. Arato /Rm

Cynthia S. Arato

cc:  Joshua Archer

20

# BB

## BALCH & BINGHAM LLP

Alabama • Georgia • Mississippi • Washington, DC

Penelope J. Standley
Paralegal
(404) 962-3508

Attorneys and Counselors
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308-3036
(404) 261-6020
(404) 261-3656 Fax
www.balch.com

(866) 317-8475 (direct fax)
pstandley@balch.com

July 17, 2009

Michael A. Bradford
710 Peachtree Street, Apt. 805
Atlanta, Georgia  30308

> Re:   *Bradford v. Carter et al.*, pending in the United States District Court, Northern
>       District of Georgia, Atlanta Division, Civil Action File No.: 1:09-CV-00156

Dear Mr. Bradford:

Pursuant to Ms. Arato's July 14, 2009 letter to you, enclosed is an original and two copies of a Joint Motion for Referral to Early Neutral Evaluation.  Please sign the pleading on page two, indicating your desire to participate in early neutral evaluation and return the original and one copy with your signature.   We will then sign and electronically file the motion with the Court.

If you have any questions, please do not hesitate to contact me.

Sincerely,

BALCH & BINGHAM LLP

Penelope J. Standley
Paralegal

PJS:
Enclosures:  Joint Motion for Referral to Early Neutral Evaluation

cc:   Cynthia S. Arato, Esq.
      Anne Kaufold-Wiggins, Esq.

21

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MICHAEL BRADFORD,　　　　　　　　　)

    **Plaintiff Pro Se,**　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
**v.**　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
DWAYNE CARTER, p/k/a "LIL　　　　　　)
WAYNE"; BOBBY M. WILSON, p/k/a )
BOBBY VALENTINO; DARIUS J.　　　　　)
HARRISON, p/k/a DEEZEL; CURTIS )
STEWART, p/k/a KIDD KIDD; CASH )
MONEY RECORDS; UNIVERSAL　　　　　)
MUSIC GROUP/MOTOWN　　　　　　　　)　　　　**CIVIL ACTION NO.**
RECORDS, INC.; WARNER-　　　　　　　)　　　　**1:09-CV-00156-JEC**
TAMERLANE PUBLISHING CORP. )
a/c YOUNG MONEY PUBLISHING )
INC.; UNIVERSAL MUSIC　　　　　　　　)
PUBLISHING GROUP – ALMO　　　　　　)
MUSIC CORP. A/C TIGHTWERK　　　　　)
MUSIC; THE ROYALTY　　　　　　　　　)
NETWORK, INC. A/C THREE NAILS )
AND A CROWN ROYNET MUSIC;　　　　)
ULTRA TUNES A/C/　　　　　　　　　　　)
REALLIONAIRE MUSIC; BMI INC.; )
ASCAP; et al.,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
    Defendants.　　　　　　　　　　　　)

## JOINT MOTION FOR REFERRAL TO EARLY NEUTRAL EVALUATION

Respectfully submitted this _____24_____, day of July, 2009.

_Michael Bradford, Pro Se_ Plaintiff

s/_M. Anne Kaufold-Wiggins_

T. Joshua R. Archer
Georgia Bar No. 021208
M. Anne Kaufold-Wiggins
Georgia Bar No. 142239
**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, GA 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

Cynthia S. Arato
_Admitted Pro Hac Vice_
Marc E. Isserles
_Admitted Pro Hac Vice_
**MACHT, SHAPIRO, ARATO & ISSERLES LLP**
The Grace Building
1114 Avenue of the Americas, 45th Floor
New York, NY 10038
Telephone: (212) 479-6727
Facsimile: (212) 202-6417

_ATTORNEYS FOR UNIVERSAL MOTOWN REPUBLIC RECORDS GROUP, A DIVISION UMG RECORDINGS, INC. (ERRONEOUSLY SUED AS UNIVERSAL MUSIC GROUP/MOTOWN RECORDS, INC.), ROND MUSIC INTERNATIONAL, INC. (ERRONEOU SUED AS UNIVERSAL MUSIC PUBLISHING GROUP – ALMO PUBLISHING GROUP), TH ROYALTY NETWORK INC. (ERRONEOUSLY SUED AS THE ROYALTY NETWORK, INC. A THREE NAILS AND A CROWN), AND DARIU HARRISON, P/K/A DEEZLE_

23

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MICHAEL BRADFORD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Dwayne Carter, p/k/a "Lil Wayne"; Bobby M. Wilson, p/k/a Bobby Valentino; Darius J. Harrison, p/k/a Deezel; Curtis Stewart, p/k/a Kidd Kidd; Cash Money Records; Universal Music Group/ Motown Records, Inc.; Warner-Tamerlane Publishing Corp. a/c Young Money Publishing Inc.; Universal Music Publishing Group - Almo Music Corp a/c Tightwerk Music; The Royalty Network Inc. a/c Three Nails and a Crown Roynet Music; Ultra Tunes a/c Reallionaire Music; BMI Inc.; ASCAP; et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
|     Defendants | ) |
| | ) |

**CIVIL ACTION NO.
1:09-CV-0156-JEC**

## JOINT LIST OF NEUTRAL EVALUATORS PURSUANT TO AUGUST 13, 2009 ORDER

Dated:  September 11, 2009

s/ M. Anne Kaufold-Wiggins
T. Joshua R. Archer
Georgia Bar No. 021208
M. Anne Kaufold-Wiggins
Georgia Bar No. 142239
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, GA 30308
Telephone:  (404) 261-6020
Facsimile:  (404) 261-3656

Cynthia S. Arato
    (admitted pro hac vice)
Marc E. Isserles
    (admitted pro hac vice)
MACHT, SHAPIRO, ARATO &
ISSERLES, LLP
The Grace Building
1114 Avenue of the Americas, 45th Floor
New York, NY 10036
Telephone:  (212) 479-6724
Facsimile:  (212) 202-6417

*Attorneys for Universal Motown Republic Records Group, a Division of UMG Recordings, Inc. (erroneously sued as Universal Music Group/Motown Records, Inc.), Rondor Music International, Inc. (erroneously sued as Universal Music Publishing Group – Almo Publishing Group), The Royalty Network Inc. (erroneously sued as The Royalty Network Inc. a/c Three Nails and a Crown), Darius J. Harrison, p/k/a Deezle, and Warner-Tamerlane Publishing Corp. (erroneously sued as a/c Young Money Publishing Inc.)*

25