**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**


MICHAEL BRADFORD,        )
                                          )
      Plaintiff,                 )
                                          )
v.                                        )
                                          )
Dwayne Michael Carter, Jr.,   )
p/k/a Lil Wayne; Bobby M.    )
Wilson, p/k/a Bobby Valentino;  )
Darius J. Harrison, p/k/a Deezel;  )           **CIVIL ACTION NO.**
Curtis Stewart, p/k/a Kidd Kidd;  )           **1:09-CV-0156-JEC**
Cash Money Records, Inc.;    )
Universal Motown Republic    )
Records Group, a Division of    )
UMG Recordings, Inc.; Warner-  )
Tamerlane  Publishing Corp.;   )
Young Money Publishing Inc.;   )
Tightwerk Music, LLC; Three   )
Nails and a Crown, LLC; The    )
Royalty Network Inc.; Ultra    )
International Music Publishing   )
d/b/a Ultra Tunes LLC;  BMI    )
Inc.; and ASCAP,             )
                                          )
      Defendants.          )
_____  )


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR EXTENSION OF TIME TO REMIT PAYMENT OF
SANCTIONS AND IN SUPPORT OF DEFENDANTS' CROSS-
MOTION TO DISMISS WITH PREJUDICE**

## Table of Contents

**Page**

<u>**PRELIMINARY STATEMENT**</u> ................................................................ 1

<u>**FACTUAL BACKGROUND**</u> ...................................................................... 4

   **I. Plaintiff's Meritless Complaint** ............................................................ 4

   **II. Plaintiff and His Counsel's Prior and Chronic Misconduct** ............ 7

   **III. Plaintiff's Violations of the Omnibus Order** .................................... 9

<u>**ARGUMENT**</u> .............................................................................................. 11

   **I. This Court Should Deny Plaintiff's Patently Insufficient Motion to
Extend His Time to Pay the Already Past Due Sanctions Award** ...... 11

   **II. Plaintiff's Complaint Should Be Dismissed with Prejudice Because
of Plaintiff's Chronic Failure to Obey this Court's Orders** ................ 13

<u>**CONCLUSION**</u> ......................................................................................... 18

# Table of Authorities

Page

## Cases

*Baltimore v. Jim Burke Motors, Auto.*,
    300 F. App'x 703 (11th Cir. 2008).............................................................. 14

*Bedford v. Neighborhood Connections*,
    173 F. App'x 502 (7th Cir. 2006).............................................................. 14

*Currin v. Arista Records, Inc.*,
    — F. Supp. 2d —, 2010 WL 1529486 (D. Conn. Apr 15, 2010) ............... 5

*Herzog v. Castle Rock Entm't*,
    193 F.3d 1241 (11th Cir. 1999)................................................................. 6

*Intersong-USA v. CBS, Inc.*,
    757 F. Supp. 274 (S.D.N.Y. 1991).............................................................. 6

*Jones v. Graham*,
    709 F.2d 1457 (11th Cir. 1983)......................................................... 14, 17

*Jorgensen v. Epic/Sony Records*,
    351 F.3d 46 (2d Cir. 2003) ........................................................................ 6

*Karim-Panahi v. L.A. Police Dep't*,
    15 F.3d 1086, 1994 WL 5524 (9th Cir. 1994) ......................................... 15

*Leigh v. Warner Bros., Inc.*,
    212 F.3d 1210 (11th Cir. 2000)................................................................. 4

*McRae v. Smith*,
    968 F. Supp. 559 (D. Colo. 1997) ............................................................. 5

*Moon v. Newsome*,
    863 F.2d 835 (11th Cir. 1989)........................................................... 14, 15

*Payne v. Exxon Corp.*,
    121 F.3d 503 (9th Cir. 1997).................................................................... 14

*Tisi v. Patrick*,
   97 F. Supp. 2d 539 (S.D.N.Y. 2000) .......................................................... 5

*Velez v. Sony Discos,*
   No. 05-CV-0615, 2007 WL 120686 (S.D.N.Y. Jan. 16, 2007) .................. 5

*Wallace v. UAW Local 1639*,
   No. 06-CV-0395-WS-M, 2008 WL 2705382 (S.D. Ala. July 9, 2008).... 15

**Statutes, Rules, and Other Authorities**

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
   (3d Ed. 2010) § 1165 ................................................................................ 12

Fed. R. Civ. P. 6 .......................................................................................... 11

Fed. R. Civ. P. 41 .................................................................................. 14, 18

N.D. Ga. Local Rule 7.1 ............................................................................. 12

Defendants Universal Motown Republic Records Group, a division of UMG Recordings, Inc., Rondor Music International, Inc., The Royalty Network Inc., Dwayne Michael Carter, Jr., p/k/a Lil Wayne, Darius J. Harrison, p/k/a Deezle, Warner-Tamerlane Publishing Corp., and Three Nails and a Crown Publishing (erroneously sued as "Three Nails and a Crown, LLC") (collectively, "Defendants"), respectfully submit this memorandum of law in opposition to Plaintiff's Motion for Extension of Time to Remit Payment of Sanctions and in support of their Cross-Motion for Dismissal with Prejudice.

## PRELIMINARY STATEMENT

This frivolous copyright action has remained on this Court's docket for nearly two years – at great cost to Defendants – because Plaintiff and his counsel have repeatedly and cavalierly disregarded the rules and orders of this Court.   Most recently, this Court sanctioned Plaintiff in the amount of $9,418.00 for unjustifiably cancelling a court-ordered Early Neutral Evaluation ("ENE") at the eleventh hour and then offering false and unsubstantiated reasons for doing so that "insult[ed] the intelligence of this Court" and which Defendants were forced to rebut.   (Sept. 26, 2010 Omnibus Order ("Omnibus Order") (Docket Entry No. 121) at 19).   This Court ordered Plaintiff to pay these sanctions to Defendants within 30 days, by October 27, 2010, and this

1

Court sternly warned Plaintiff that any future non-compliance with the Court's orders "may result in dismissal of this action."  (*Id.* at 53).

In direct defiance of the Omnibus Order, Plaintiff failed to pay the sanctions when they were due.  Instead, at 4:45 p.m. on the day the sanctions were due, Plaintiff filed a motion seeking an additional two months to pay the ordered amount that makes a mockery of this Court's Omnibus Order and Plaintiff's duties under it.  Indeed, it is hard to imagine a more paltry motion.  It is one sentence long in substance and includes nothing but a self-serving and cryptic reference to an "unavoidable and temporary postponement in receipt of financing to fully remunerate . . . [c]ounsel's expenses in preparing for the cancelled ENE."  (Pl. Mem. in Support of Motion for Extension of Time ("Pl. Mem.") (Docket Entry No. 130) at 1).  The Motion is unsupported by any affidavit or declaration attesting to this supposed "postponement," even though the Omnibus Order clearly warned both Plaintiff and his counsel of the need to file proper motions supported with competent evidence.  It includes no facts demonstrating that Plaintiff made any effort to pay the sanctions when they were due.  To the contrary, the Motion makes clear that Plaintiff is willfully defying the Order.  Thus, although the Motion claims that Plaintiff needs more

time "*to fully*" pay the sanctions, Plaintiff has refused to pay *any* part of the award.

Plaintiff has violated the Omnibus Order in other ways as well.  For example, the Order warned Plaintiff that "any further submissions that contain false or misleading information or argument" may result in dismissal. (Omnibus Order at 53).  Nevertheless, Plaintiff recently filed a patently false proof of service with this Court regarding Plaintiff's purported service of named defendant Ultra International Music Publishing, LLC, d/b/a Ultra Tunes (erroneously sued as "d/b/a Ultra Tunes LLC") ("Ultra") as explained in more detail in Ultra's own motion to dismiss filed on November 8, 2010.  (*See* Mem. in Support of Ultra's Mot. to Dismiss ("Ultra Mem.") (Docket Entry No. 132) at 3-5).

It is abundantly clear that neither this Court's admonitions nor its imposition of monetary sanctions has had any impact on Plaintiff or his counsel, both of whom continue heedlessly to violate this Court's rules and orders. Plaintiff and counsel's misconduct, moreover, has come at a great price. Defendants have been forced to litigate this meritless case for almost two years, during which time they have had to bear considerable legal expense and their publishing royalties have been placed on hold.  (Omnibus Order at 27).  They

should not be forced to continue to defend this action, and to incur additional legal fees – all while Plaintiff and his counsel engage in inappropriate litigation tactics and refuse to obey the rules and orders of this Court.  For all of these reasons, this Court should: (1) deny Plaintiff's motion to enlarge his time to pay the sanctions; and (2) dismiss this action with prejudice.

## FACTUAL BACKGROUND

## I.

### Plaintiff's Meritless Complaint

Plaintiff is the alleged creator and copyright owner of a musical composition titled "Popeye" which he contends has been infringed by Defendant's song titled "Mrs. Officer."  (*See* Third Amended Complaint ("Compl.") (Docket Entry No. 122) at ¶¶ 46-55).  Plaintiff's own pleading makes crystal clear that he can never establish any of the fundamental elements of his copyright claim, including that (1) his work "is substantially similar to the plaintiff's work *with regard to its protected elements*," and (2) Defendants had "access" to his work.  *Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1214 (11th Cir. 2000) (emphasis in original).

Relying on a two page conclusory "expert opinion" attached to his Complaint, Plaintiff contends that the works are similar simply because they

4

allegedly share three isolated, musical elements or ideas:  "guitar rhythm," "chord progressions" (the movement from one harmonic chord to the next) and "feel and momentum." (Compl. at ¶ 40 and Ex. C).[1]

Plaintiff's contentions of similarity are absurd.   Indeed, the three "elements" identified by Plaintiff's "expert" are so generic and banal that, even if they were present in both works, they are unprotectible and cannot support Plaintiff's infringement claim as a matter of black-letter copyright law.  *See, e.g., Currin v. Arista Records, Inc.*, — F. Supp. 2d —, 2010 WL 1529486, at *5 (D. Conn. Apr. 15, 2010) (dismissing claim, in part, because "the speed of the song is not, by itself, a protectible element"); *Velez v. Sony Discos,* No. 05-CV-0615, 2007 WL 120686, at *12 (S.D.N.Y. Jan. 16, 2007) (same); *Tisi v. Patrick*, 97 F. Supp. 2d 539, 548-49 (S.D.N.Y. 2000) (key of A major, tempo, "harmonic [chord] progression", and "guitar rhythm" are "basic, non-protectible musical elements"); *McRae v. Smith*, 968 F. Supp. 559, 566-67 (D.

---

[1] This is Plaintiff's fourth attempt to allege "similarity" between the works. Plaintiff's current pleading jettisons his initial, patently false assertions that the works were "identical" and shared lyrical similarities.   (First Amended Compl. (Docket Entry No. 6) at ¶ 47; Plaintiff's Reply to Defendants' Motion for Judgment on the Pleadings ("Pl. Reply") (Docket Entry No. 45) at 4, 9)).   The pleading also abandons two prior so-called "expert" statements that Plaintiff previously proffered to this Court, and which purported to identify different sets of similarities.  (Pl. Reply at 7-8 & Exs. A-B).

Colo. 1997) (rhythm, chord progression, and melodic line are unprotectible, common musical elements); *Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274, 282 (S.D.N.Y. 1991) ("harmonic progression" and "recurring eighth note rhythm" are "ordinary, unprotectible expression").[2]

Plaintiff's "access" theories are equally flawed. To establish access, a plaintiff must present "significant, affirmative and probative evidence" that the defendant had a "reasonable opportunity" to view the copyrighted work before creating the allegedly infringing work. *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50-52 (2d Cir. 2003) (internal quotation marks omitted); *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1249 (11th Cir. 1999) ("Access may not be inferred through mere speculation or conjecture. There must be a reasonable possibility of viewing plaintiff's work – not a bare possibility.") (internal citations and quotation marks omitted).

Plaintiff's access theories are nowhere close to demonstrating that any of the Defendants ever had any real opportunity to hear his work. To the contrary, Plaintiff contends only that Lil Wayne's then 9-year-old daughter allegedly was

---

[2] Notably, Plaintiff's "expert's" transcriptions demonstrate that each song uses a different series of chords, and in different patterns, such that the song's chord progressions are, in fact, entirely dissimilar. (*See* Compl. at Ex. C).

.

given a copy of Plaintiff's work; a teenage recording artist, whom Defendants are not even alleged to have met, allegedly recorded a version, and handed out copies, of Plaintiff's song at the same recording studio at which "Mrs. Officer" was recorded (but not necessarily at the same time); and this recording by the teenager was included in one episode of an MTV series titled *My Super Sweet Sixteen*. (Compl. ¶¶ 29, 32, 35, 36 ).  This is rank speculation at its worst.

## II.

### Plaintiff and His Counsel's Prior and Chronic Misconduct

Unfortunately, Defendants' ability to defeat this patently meritless claim has been frustrated by Plaintiff's chronic and continuing disregard for federal and local rules and the orders of this Court.  Plaintiff's misconduct began at the very outset of this action, before the actions giving rise to this Court's sanctions award.  For example,

- Plaintiff shirked his duty to meet and confer to file the Preliminary Report and Discovery Plan in this case, as required by LR 16.2, despite Defendants' urging.  (*See* Preliminary Report and Discovery Plan (Docket Entry No. 43) at 2).

- Plaintiff repeatedly failed to file and serve papers in a timely fashion (*see* Joint Preliminary Report and Discovery Plan (Docket Entry No. 59);

• Plaintiff failed to serve several Defendants within the 120-day period provided by Fed. R. Civ. P. 4.  (*See* Omnibus Order at ¶¶ 30, 37, 49);

• Plaintiff failed to comply with his duty to serve Initial Disclosures. Although Plaintiff belatedly served a disclosure on Defendants, the disclosures are, and remain, incomplete.  (*See* Mem. in Support of Motion to Compel (Docket Entry No. 61-2) at 6-7 & Ex. 1, 6); and

• Plaintiff has steadfastly refused to respond to any of the discovery request that Defendants served on May 14, 2009, forcing Defendants to move to compel the needed responses.  (*See id.* at 6-7).[3]

Regrettably, Plaintiff's misconduct escalated after his counsel appeared in the action on September 10, 2009.  (*See* Omnibus Order at 9).  As detailed in the Omnibus Order, Plaintiff and his counsel unjustifiably cancelled the court-ordered ENE at the eleventh hour; falsely charged that Defendants "misled" Plaintiff into agreeing to the ENE; provided this Court with a series of "demonstrably false" filings, containing additional "lies" and "fabricat[ions]" regarding the ENE; filed numerous papers that were unsupported with any

---

[3] When this Court referred this matter to ENE and administratively terminated this case, it denied, without prejudice, Defendants' motion to compel responses to this discovery.  (*See* August 13, 2009 Order (Docket Entry No. 66) at 2). Despite the re-opening of this action, Plaintiff has still failed to provide Defendants with any of the needed discovery responses.  (*See* Declaration of Cynthia S. Arato at ¶ 3, attached hereto as **Exhibit "1"**).

evidentiary showing, in violation of LR 7.1(A)(1); attempted to serve several

Defendants outside of the 120-day period without seeking leave of the Court;

improperly moved for default judgments against various defendants who had

not been properly served; continued to attempt to serve various defendants by

mail, even after this Court expressly warned them that this was improper; filed

unauthorized papers with this Court on the issue "without even bothering to

seek leave of Court"; and filed frivolous motions for sanctions and attorney's

fees when Defendants challenged their improper conduct.  (*Id*. at 17 n. 5, 19-22,

28, 31-35; Oct. 6, 2009 Order (Docket Entry No. 72) at 1; Ultra Mem. at 2).

## III.

### Plaintiff's Violations of the Omnibus Order

As a result of Plaintiff's egregious misconduct, this Court sanctioned

Plaintiff in the amount of $9,148, to be paid by October 27, 2010.  (Omnibus

Order at 51).  This Court also warned Plaintiff that "further non-compliance

with the federal or local rules or with this Court's orders, or any further

submissions that contain false or misleading information or argument, may

result in dismissal of this action."  (*Id.* at 53).

In direct defiance of this Court's Omnibus Order, Plaintiff has failed to

pay Defendants any portion of the awarded sanctions.  Rather, at 4:45 p.m. on

9

the day the sanctions were due, Plaintiff and his counsel filed his "Motion" seeking an additional 60 days to pay the sanctions award. (*See* Pl. Mem. at 1). Plaintiff's Motion proffered no basis for the granting of the motion except for a one-sentence reference to an "unavoidable and temporary postponement in receipt of financing sufficient to fully remunerate . . . [c]ounsel's expenses in preparing for the cancelled ENE." (*Id.* at 1). Defying this Court's warning of the need to comply with LR 7.1, the Motion is not supported by any affidavit, declaration or evidence supporting its conclusory assertion.

In further defiance of the Omnibus Order, Plaintiff also has continued to file other false and misleading papers with this Court. Most egregiously, on October 25, 2010, Plaintiff filed a patently false proof of service with this Court regarding Plaintiff's purported service of Ultra, forcing that party to file a motion to dismiss to remedy this misdeed. (*See* Ultra Mem. at 4-5). On October 22, Plaintiff also filed a motion seeking to serve various named defendants by "publication" notice. (Pl. Motion for Service by Publication ("Service Mot.") (Docket Entry No. 125)). That motion failed to acknowledge that this Court had previously ruled that all defendants not served by October 25, 2010 would be dismissed from this case, much less ask this Court for relief from that ruling. (Omnibus Order at 51-52).

**ARGUMENT**

**I.**

**This Court Should Deny Plaintiff's Patently Insufficient Motion to Extend His Time to Pay the Already Past Due Sanctions Award**

In order to obtain an extension of time from this Court, Plaintiff must demonstrate "good cause." Fed. R. Civ. P. 6(b)(1). Plaintiff's Motion is patently insufficient and comes nowhere close to meeting this requisite standard. To the contrary, Plaintiff's Motion demonstrates the utter disdain that Plaintiff and his counsel have for this Court and its processes.

As an initial matter, Plaintiff made no effort to ensure that he obtained his requested extension *before* his court-ordered payment deadline had passed. Rather, although this Court gave Plaintiff an entire month to pay the awarded sanctions, Plaintiff waited until the close of business on the day the sanctions were due to file his request, thereby ensuring, but not caring, that he would be in violation of the Omnibus Order when he failed to pay.

Clearly embodying their "couldn't care less" mentality, Plaintiff and his counsel then filed the most cursory motion imaginable, containing nothing but a one-sentence reference to an "unavoidable and temporary postponement in receipt of financing . . . ." (Pl. Mem. at 1). The Motion does not even attempt

to explain how this "postponement" is unavoidable or temporary or how, if at all, Plaintiff made any effort to pay the ordered sanctions.

In clear violation of Local Rule 7.1(A)(1), the Motion also fails to include any affidavit or declaration supporting its assertion.   LR 7.1(A)(1) ("If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law.").

Nor does Plaintiff or his counsel cite, as LR 7.1 also requires, a single "supporting authority," *see id.*, for the proposition that this unexplained "unavoidable and temporary postponement," (Pl. Mem. at 1), if proven, would constitute good cause for any extension, much less the requested two months – an extension that would *triple* the amount of time this court originally gave Plaintiff to remit the ordered sanctions.   In light of these fundamental defects, Plaintiff's motion should be summarily denied.

Plaintiff's motion also should be denied because granting Plaintiff's requested relief would prejudice Defendants.   *See, e.g.,* Charles Alan Wright & Arthur R. Miller, 4B *Fed. Practice and Procedure* § 1165 (3d ed. 2010) (noting that an extension of time should not be granted when it would result in prejudice to the adverse parties).   Under the current schedule set by the Court, Defendants must respond to the Complaint by November 8, 2010; the Parties'

12

joint preliminary report and discovery plan is due on November 15, 2010; discovery on the issue of substantial similarity is to occur between November 22, 2010 and January 10, 2011; and Defendants' summary judgment motion on similarity is to be filed by February 4, 2011.   (Omnibus Order at 52). Defendants take their obligations to this Court seriously, and they will be forced to expend significant time and money to comply properly with these deadlines. In contrast, given Plaintiff's pattern of dilatory and evasive conduct, there is every reason to believe that, if Plaintiff's Motion is granted, Plaintiff will simply wait sixty days and then provide this Court with another excuse for his failure to pay the sanctions.  Defendants should not have to bear the burden of litigation for the next two months under these circumstances.[4]

In light of Plaintiff's failure to demonstrate any cause to grant the extension and the prejudice that will occur should Plaintiff be given an additional 60 days to pay the sanctions award, Plaintiff's motion should be denied.

---

[4] Nor has Plaintiff offered in his motion to pay Defendants interest on his late payment.

13

## II.

### Plaintiff's Complaint Should Be Dismissed with Prejudice Because of Plaintiff's Chronic Failure to Obey this Court's Orders

Under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails . . . to comply with . . . these rules or a court order, a defendant may move to dismiss the action." "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay *or* willful contempt *and* a finding that lesser sanctions would not suffice." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (internal quotation marks omitted). This standard is readily met here.

First, it is well recognized that where, as here, the order disobeyed is itself a sanction, dismissal is particularly appropriate. Indeed, this Circuit has expressly held that a litigant's failure "to pay attorney's fees as a lesser sanction establishes [a] willful refusal to comply and is evidence that other lesser sanctions would not suffice." *Baltimore v. Jim Burke Motors, Auto.*, 300 F. App'x 703, 707 (11th Cir. 2008); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming dismissal when plaintiff ordered to pay costs of obstructed deposition within ninety days or face dismissal and did not pay); *Bedford v. Neighborhood Connections*, 173 F. App'x 502, 505–506 (7th Cir. 2006) (when plaintiff fraudulently submitted an altered document to the court, the court "was within its discretion to sanction the fraud with a fine and, when

[plaintiff] refused to pay the fine, dismiss the case."); *cf. Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997) ("'where the court actually imposes alternative sanctions before default,' the district court is not required to discuss the appropriateness of lesser sanctions").

Dismissal is also manifestly correct where, as here, the plaintiff has failed to demonstrate any effort to comply with the sanctions order. *See, e.g., Karim-Panahi v. L.A. Police Dep't*, 15 F.3d 1086, 1994 WL 5524, at *3 (9th Cir. Jan. 6, 1994) (dismissal was not an abuse of discretion when plaintiff's response to a Rule 41 motion "'fail[s] to demonstrate any effort to comply' with the sanction order"); *Wallace v. UAW Local 1639*, No. 06-CV-0395-WS-M, 2008 WL 2705382, at *6 (S.D. Ala. July 9, 2008) (dismissing when plaintiff "did not pay a single penny" of the sanction within the allotted 8 weeks, and, in response to defendant's motion to dismiss, did not "come forward with evidence that she did *anything* during that time period to undertake a good-faith effort to meet this obligation, whether in whole or in part"; rejecting as insufficient plaintiff's "conclusory" statement that she has "tried to borrow and raise the money to pay.").

Dismissal is also appropriate where, as here, the disobedient party has been warned about the risks of violating the disobeyed order. *See, e.g., Moon*,

863 F.2d at 837) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, *especially where the litigant has been forewarned*, generally is not an abuse of discretion.") (emphasis added).

Here, dismissal is appropriate because Plaintiff has cavalierly violated this Court's order to pay sanctions by October 27, 2010. Plaintiff did so after this Court expressly warned him that a failure to comply with the Court's orders may result in dismissal of this case.  Plaintiff has failed to demonstrate any effort to comply with the order.[5]

Dismissal is also warranted because Plaintiff and his counsel have violated the Omnibus Order in other ways as well.  Plaintiff and his counsel again have filed a motion devoid of factual support in violation of LR 7.1, even after they were warned by this Court of the need to comply with that rule. (Omnibus Order at 19).  Remarkably, they also recently filed a patently false proof of service with this Court regarding the purported service of Ultra, despite this Court's clear warning against filing any more false or misleading papers. (*Id.* at 53; Ultra Mem. at 3-5).  Moreover, Plaintiff and his counsel filed another

---

[5] That Plaintiff filed a motion to extend his time does not change this result.  As set forth above, Plaintiff's Motion is unsupported by any evidentiary showing and it was not filed sufficiently in advance of the October 27, 2010 deadline to allow for a ruling before Plaintiff's time to comply had expired.

improper eleventh-hour motion to serve defendants by publication even after this Court had ruled that parties not served by October 25, 2010 would be dismissed from this case.  Plaintiff's willful failure to pay the sanctions award is itself a proper reason to dismiss this action.  *See supra.*  All of Plaintiff's infractions taken together, coupled with Plaintiff's prior misconduct, unquestionably warrant this relief.  *See Jones*, 709 F.2d at 1461-62 (affirming dismissal based on "long pattern of conduct" and "failures by plaintiffs to obey court rules and orders," including "fail[ure] to effect service on two defendants" and "to instigate a pre-trial conference," as well as "filing untimely responses").

It is apparent, moreover, that less severe sanctions have no impact on Plaintiff or his counsel.  This Court has already imposed financial sanctions for Plaintiff's improper cancellation of the ENE and his duplicitous efforts to be relieved from his ENE obligation.  (Omnibus Order at 51).  This Court has also sought to deter Plaintiff's improper service efforts by dismissing two wrongfully served Defendants.  (*Id.* at 36).  Nonetheless, Plaintiff has continued to file false submissions with this Court, and he now asks this Court to relieve him, at least temporarily, from his duty to pay court-ordered sanctions, using the same improper and disingenuous methods that led to the sanctions in the first place.  Because less severe sanctions have failed to curb Plaintiff's obvious

and continuing disregard for the orders and admonitions of this Court, dismissal of this action with prejudice is appropriate and necessary for this reason as well.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion to extend his time to remit payment, grant Defendants' motion to dismiss this action pursuant to Fed. R. Civ. P. 41(b), and order Plaintiff to remit the sanctions payment forthwith.

[Signature on following page]

Respectfully submitted this 10th of November, 2010.

           <u>s/ M. Anne Kaufold-Wiggins</u>
         T. Joshua R. Archer
         Georgia Bar No. 021208
         M. Anne Kaufold-Wiggins
         Georgia Bar No. 142239
         BALCH & BINGHAM LLP
         30 Ivan Allen Jr. Blvd. N.W., Suite 700
         Atlanta, GA 30308
         Telephone:  (404) 261-6020
         Facsimile:  (404) 261-3656

         Cynthia S. Arato
            *(admitted pro hac vice)*
         MACHT, SHAPIRO, ARATO &
         ISSERLES, LLP
         The Grace Building
         1114 Avenue of the Americas, 45th Floor
         New York, NY 10036
         Telephone:  (212) 479-6724
         Facsimile:  (212) 202-6417

         *Attorneys for Universal Motown Republic Records Group, a Division of UMG Recordings, Inc., Rondor Music International, Inc., The Royalty Network Inc., Dwayne Michael Carter, Jr., p/k/a Lil Wayne, Darius J. Harrison, p/k/a Deezle, Warner-Tamerlane Publishing Corp., and Three Nails and a Crown Publishing (erroneously sued as "Three Nails and a Crown Publishing, LLC")*

## <u>CERTIFICATE OF COUNSEL REGARDING FONT SIZE</u>

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(B)(3) and 7.1(D).

This 10th day of November, 2010.

    <u>   s/ M. Anne Kaufold-Wiggins</u>
    M. Anne Kaufold-Wiggins

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of November, 2010, I electronically filed a copy of the foregoing MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO REMIT PAYMENT OF SANCTIONS AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION TO DISMISS WITH PREJUDICE with the Clerk of Court using the CM/ECF system, which will automatically send a copy to the following attorneys of record:

> S. Quinn Johnson, Esq.
> JOHNSON PC
> 3348 Peachtree Road, NE
> Tower Place 200, Suite 700
> Atlanta, Georgia 30326
> quinn.johnson@jcoip.com

> s/ M. Anne Kaufold-Wiggins
> M. Anne Kaufold-Wiggins